## CIRCUIT COURT OF AMHERST COUNTY

Shirley W. Speck

v.

Nancy A. Schmitt

February 24, 2010

Case No. CL08007212

By Judge J. Michael Gamble

I am writing this letter to give my decision on the motion of Shirley W. Speck for leave to withdraw admissions pursuant to Rule 4:11(b). In this regard, I grant the motion to withdraw admissions to the numbered admissions set forth in the motion with the exception of admission numbers 5, 11, 146, 148, and 160. Shirley W. Speck is directed to file written responses to the remaining requests for admissions by March 17, 2010.

The defendant sent to the plaintiff 225 requests for admissions on October 20, 2009. Shirley W. Speck failed to file responses to the requests for admissions within twenty-one days after the request for admissions was served by mail. Accordingly, by order dated January 7, 2010, this court deemed the request for admissions to be admitted. However, the court granted Shirley W. Speck leave to file a motion to withdraw a limited number of the admissions if such motion was filed by January 11, 2010. The motion was duly filed on January 8, 2010.

The Supreme Court of Virginia has established the parameters within which a trial court must exercise its discretion to permit a withdrawal of the admissions. This discretion may be exercised (1) when the presentation of the merits of the action will be subserved thereby and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. *Shaheen v. County of Mathews*, 265 Va. 462, 473-74, 579 S.E.2d 162 (2003).

The first prong of this test is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.

*Shaheen*, 265 Va. at 474. In the instant case, if the court does not allow the withdrawal of the admissions set forth above, any presentation of the merits of the case would be eliminated. If these admissions remain admitted, the plaintiff has admitted offsets from the defendant that would eliminate any claim of the plaintiff. Only request for admissions numbers 5, 11, 146, 148, and 160 do not place the plaintiff in this jeopardy.

The second prong is satisfied if the party who obtained the admission is not prejudiced in maintaining the action or defense. *Shaheen*, 265 Va. at 474. In this regard, Nancy A. Schmitt, the defendant, has not sustained the burden to show prejudice. There is nothing in this ruling that prevents Nancy A. Schmitt from presenting her defenses. She has not lost any evidence. In fact, the court has continued to deem admitted those admissions that deal with authentication and streamlining the evidence.